# Farmer, Appellant, v. Pennsylvania Railroad Company.

*Negligence—Railroads—Automobiles—"Stop, look and listen."*

In an action against a railroad company to recover the value of an automobile destroyed by an engine at a grade crossing, a non-suit is properly entered where the plaintiff testifies that it was quite foggy on the morning of the accident; that as he approached the crossing he slowed down his car, looked and listened, and hearing nothing, he approached the tracks down a steep grade; that when he was about thirty-five feet from the track a workman on the crossing signalled him to stop; that he attempted to do so but could not come to a stop before his front wheels were on the track; that he jumped from the machine, which was entirely destroyed in the collision with the engine, and that he was prevented from crossing the tracks in time to avoid the collision by the fact that the crossing was obstructed by workmen who were engaged in repairing it.

Argued April 20, 1917.    Appeal, No. 100, April T., 1917, by plaintiff, from order of C. P. Westmoreland Co., May T., 1916, No. 120, refusing to take off nonsuit in case of F. A. Farmer v. Pennsylvania Railroad Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Trespass to recover the value of an automobile.   Before DOTY, P. J.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was the order of the court.

*John E. Kunkle*, with him *Christ C. Walthour* and *J. Harry Pershing*, for appellants.

*Charles E. Whitten*, with him *Paul H. Gaither*, for appellee.

OPINION BY WILLIAMS, J., July 13, 1917:

Plaintiff brought this action to recover the value of an automobile destroyed by defendant's engine at a grade crossing. He testified that it was quite foggy on the morning of the accident; that as he approached the crossing he slowed down his car, looked and listened, and hearing nothing, he approached the tracks down a steep grade; that when he was about thirty-five feet from the track a workman on the crossing signalled him to stop; that he attempted to do so but could not come to a stop before his front wheels were on the track; that he jumped from the machine, which was entirely destroyed in the collision with the engine, and that he was prevented from crossing the tracks in time to avoid the collision by the fact that the crossing was obstructed by workmen who were engaged in repairing it.

The court refused to take off a compulsory nonsuit which it had entered. From this refusal the present appeal has been made.

The contributory negligence of the plaintiff is evident. He did not stop until he was upon the track. This, under all our authorities, is too late. The contention that the obstruction of the crossing by defendant's workmen was negligence for which it is responsible is untenable. It was defendant's duty to keep the crossing in repair, and there is no evidence of negligence in the work, or that it could have been done without obstructing public travel.

The judgment is affirmed.